[No. 20172. Department Two. January 6, 1927.]

R. SPAHR, *Appellant*, v. MARY LIEBECK *et al.*, *Respondents*.[1]

[1] DISMISSAL AND NONSUIT (25, 26)—OPERATION AND EFFECT—CONSTRUCTION OF ORDER. Error cannot be assigned upon dismissing an action against all of the parties, one of whom was in default, where, construed in connection with the findings, it is evident the judgment of dismissal applied to only one of the parties, and it appears that plaintiff was entitled to judgment of default against the other upon application therefor, which had never been made.

Appeal from a judgment of the superior court for King county, Stern, J., entered May 27, 1926, upon findings in favor of the defendant Liebeck, dismissing an action upon a promissory note, tried to the court. Affirmed.

*John W. Whitham*, for appellant.

*J. H. Templeton*, for respondent.

TOLMAN, C. J.—Appellant, as plaintiff, brought this action upon a promissory note for $3,194 and interest,

[1]Reported in 252 Pac. 107.

signed "Mary Liebeck", payable to the order of Henry van Semmern, alleging that he was a holder in due course for value. The defendant van Semmern made default. The defendant Liebeck defended upon the grounds that the signature on the note was a forgery and that, in any event, there was no consideration for the note and that the plaintiff became the holder with full knowledge of all of the facts going to establish the two defenses. The trial court declined to pass upon the question of the signature to the note, but found that there was no consideration for its execution, and that the plaintiff took with full knowledge of the facts and was not a holder in due course. A judgment followed, dismissing the action with prejudice and with costs to the defendant Mary Liebeck. The plaintiff has appealed.

[1] If we understand appellant's brief and argument, he takes the position that the case was also dismissed as to the defendant van Semmern, who defaulted, and that his right to a judgment against the defaulting defendant was denied. We do not so read the record. True, the language of the written judgment, standing alone, is broad enough to dismiss the entire action, but that issue was never before the court, and when read in connection with the findings of fact and conclusions of law, it is evident that the judgment should be construed to be a dismissal only as to Mary Liebeck. There is nothing in the record showing that a request for the making of a judgment against defendant van Semmern was ever presented to the court at any time, and so far as the record here shows, appellant has been, ever since the default was entered, and now is, entitled to such a judgment whenever a proper request therefor is made.

The real issue here is, whether the court erred in holding the appellant was not a holder in due course,

not the refusal to pass upon the question of the signature, as seems to be contended; for if the court had found that respondent signed the note, still with the finding of want of consideration and knowledge, the same result would have followed.

Upon these controlling questions of fact, we have tried in vain by a study of the record to determine upon which side lies the truth. The evidence of neither side squares with ordinary business procedure, or in any wise appeals to one who has any knowledge of how reasonable people transact the ordinary affairs of life. One witness, apparently wholly disinterested and whose motives are not impugned, testified clearly to facts which, if true, showed knowledge and a want of good faith on the part of the appellant in purchasing the note; and this testimony seems to have impressed the trial court. We can not say that he was wrong in accepting the evidence of this witness as true, even though it was denied by the appellant; nor, not having had the advantage of seeing the witnesses and hearing them testify, can we say that the court was wrong in finding that the note, if made at all, was obtained by fraud and without consideration.

The judgment of the trial court is affirmed.

BRIDGES, PARKER, ASKREN, and MACKINTOSH, JJ., concur.